IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LORETTA LAYMAN,        )
    Plaintiff,         )
                       )
  v.                   )   Civil Action No. 04-1340
                       )
JO ANNE B. BARNHART,   )
Commissioner of Social )
Security,              )
    Defendant.         )

JUDGMENT ORDER

Before the court are the parties' cross-motions for summary judgment. This is an appeal from the final decision of the Commissioner denying plaintiff's eligibility for Supplemental Security Income (SSI) under Title XVI, §§ 1381-1383f of the Social Security Act.

Plaintiff argues that the decision was not based on substantial evidence and that she is thus entitled to summary judgment. In support of this claim, plaintiff asserts that the administrative law judge (ALJ) failed to include a limitation relating to concentration, persistence, or pace. Plaintiff further asserts that the ALJ ignored many of the restrictive limits Dr. Detore placed on plaintiff and did not properly consider the severity of plaintiff's physical and mental impairments.

Where the Commissioner's findings are supported by substantial evidence we must affirm. 42 U.S.C. § 405(g); see Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); See also Welch v. Heckler, 808 F.2d 264, 266-67 (3d Cir. 1988) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal district court may neither reweigh the evidence, nor reverse the ALJ merely because it would have decided the claim differently).

Based on the evidence of record and the briefs filed in support of each party's summary judgment motion, the court concludes that substantial evidence supports the Commissioner's finding that plaintiff is not disabled. The evidence reflects that plaintiff is an individual who suffers from moderate chronic pain and would likely benefit from more exercise and less medication, according to what Dr. Lee advised her more than once. With regard to plaintiff's mental impairments, plaintiff did not even seek formal mental health treatment in July 2003, right after her claim for social security benefits was first denied.

2

Therefore, this 2nd th day of August, 2005, IT IS HEREBY ORDERED that plaintiff's motion for summary judgment [document #7] is DENIED. Defendant's motion for summary judgment [document #9] is GRANTED, and the Clerk of Courts is ordered to mark this case closed.

BY THE COURT:

_____, J.

cc:   All Counsel of Record